OWEN, Judge.
By complaint for declaratory judgment, appellant sought construction of Chapter 70-857, Laws of Florida, Special Acts of 1970, a special act relating only to Palm Beach County. We conclude that the judgment of the trial court is not in accord with the legislative intent and reverse.
Prior to the effective date of Chapter 70-857, appellant held a certificate of competency to engage in the business of heating, ventilating and air conditioning contracting. The certificate, issued pursuant to competency standards and procedures authorized by Chapter 67-1876, Laws of Florida, Special Acts of 1967 (and acts amendatory thereto), and renewed annually, was limited geographically, that is, it was valid only in the unincorporated area of the county and in some 25 specified municipalities. Although holding such certificate of competency was a necessary prerequisite, it was still necessary (before appellant could actually engage in its business) for appellant to obtain a county occupational license annually. Likewise, a separate occupational license was required to be obtained annually from each of the various municipalities in which appellant desired to carry on its business. For the occupational license year 1969-1970, the total cost to appellant for the various municipal occupational licenses was $850.
Chapter 70-857 essentially provided that certain types of construction and contracting businesses (including the business in which appellant was certified) could be relieved of the necessity of obtaining a separate occupational license from each of the several municipalities in which the business was conducted, by securing from the county tax collector a single countywide municipal occupational license. Appropriate provisions were made for distribution of the funds and registration with each municipality. The act also required that there be compliance with existing competency standards before issuance of such countywide municipal license. Appellant’s annual cost to obtain a countywide municipal license and to register with the various municipalities would be $300.
It is our view that the sole legislative intent in enacting Chapter 70-857, was to provide to those businesses designated in the Act some relief from the onerous burden and expense of obtaining a separate occupational license in each municipality within the county in which the licensee desired to do business. The Act was not intended to affect or amend in any way *267 the theretofore existing procedures for issuance of certificates of competency.
Appellant, having theretofore met competency standards by which it was entitled to a county occupational license, was entitled upon application to have issued a county wide municipal license in the same business. Any concern that issuance to appellant of a countywide municipal license would ipso facto entitle appellant to conduct its business in every municipality within the county is unfounded, becáuse appellant would still be limited to the geographical area and municipalities specified in its certificate of competency. In short, issuance to appellant of such countywide municipal licenses would change nothing other than to simply permit appellant to engage in its business in the same municipalities as in the past for a substantially lesser sum of money.
The judgment is reversed and this cause remanded for entry of judgment not inconsistent with this opinion.
Reversed and remanded.
WALDEN, J., and FRANZA, AR THUR J., Associate Judge, concur.